UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERO CASTELLUCCIO,<br><br>                              Plaintiff,<br><br>       - against -<br><br>ALPHERA INTERNATIONAL N.A., LLC, FAWAD AWAN, VAL DOE, and any other related persons or entities,<br><br>                              Defendants. | **COMPLAINT** |

Plaintiff Piero Castelluccio ("Plaintiff") on behalf of himself and all others similarly situated, by and through his counsel, Bell Law Group PLLC, as and for his Complaint in this action against Defendants Alphera International N.A. LLC ("Alphera"), Fawad Awan and Val Doe (collectively, "Defendants"), hereby alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## NATURE OF THE CLAIMS

1.      Plaintiff brings this action on behalf of himself and similarly situated individuals to recover for Defendants' numerous violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*

2.      Named Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants as porters and/or other similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 44 hours per workweek for the period of three years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA Collective

Period"). Named Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.　　Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of the Named Plaintiff and on behalf of all other similarly situated persons who were/are employed by Defendants in the State of New York as porters and/or in similar positions (referred to herein as "Porters") who seek to recover for: (1) unpaid overtime which Defendants failed to pay in violation of the NYLL; (2) failure to pay proper wages for all hours worked; (3) failure to pay spread of hours compensation; (4) failure to provide accurate wage notices upon hiring and upon each change of pay as required by the NYLL, Section 195; and (5) failure to provide accurate and complete wage statements with each payment as required by the NYLL, Section 195. Named Plaintiff and all other such similarly situated persons are jointly referred to herein as the "New York Class." The New York Class seeks to recover for the period beginning six years prior to the filing of the Complaint to the date of the final disposition of this action (the "New York Class Period").

4.　　Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

5.　　Members of the New York Class are similarly situated because, during the New York Class Period, they were all subject to Defendants' common policy and/or practice of not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 44 hours per workweek, not paying spread of hours pay, not allotting one day off per week or paying overtime for the 7th day of the week, and not providing accurate wage statements.

2

6.      Additionally, members of the New York Class were/are all employed by Defendants as porters, laborers, or in other non-exempt positions on behalf of Defendants.

## JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL and common law.

8.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

9.      Named Plaintiff Piero Castelluccio is a resident of the State of New York, Queens County who was employed by Defendants as a porter from January 2019 to May 30, 2020. He was paid a flat weekly salary regardless of the number of hours he worked. His job duties did not render him exempt from overtime, but Defendants failed to pay him for all hours worked and failed to pay him time-and-one half his regularly hourly wage when he worked more than 40 hours per week.

10.      At all relevant times, each Named Plaintiff and putative class and/or collective member was an "employee" of Defendants within the meaning of all applicable statutes.

11.      Upon information and belief, Defendant Alphera International N.A. LLC is a New York corporation with a principal place of business at 74-38 Queens Boulevard, Elmhurst, New York 11373.

12.     During the Relevant Period, Alphera was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in interstate commerce as defined by FLSA § § 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

13.     Upon information and belief, Defendant Fawad Awan is an owner, principal and/or manager of Alphera who exercised substantial control over the operations and policies and practices of Alphera, including, but not limited to, personnel and compensation practices. Defendant Fawad Awan held himself out as a principal of Alphera on official documents submitted to the State of New York. Defendant Awan told Plaintiff that he would earn $25 per hour, and only be required to work 40 hours per week. Defendant Awan thereafter required Plaintiff to work in excess of 70 hours per week.

14.     Upon information and belief, Defendant Val Doe is an owner, principal and/or manager of Alphera who exercised substantial control over the operations and policies and practices of Alphera, including, but not limited to, personnel and compensation practices. Defendant Val Doe held himself out as a principal of Alphera on official documents submitted to the State of New York. Defendant Val Doe told Plaintiff that he would earn $25 per hour, and only be required to work 40 hours per week. Defendant Val Doe thereafter required Plaintiff to work in excess of 70 hours per week.

15.     Individual Defendants Fawad Awan and Val Doe were "employers" within the meaning of all applicable statutes and laws, and both had the authority, either directly or indirectly, to (1) hire and fire Plaintiff; (2) negotiate the terms and conditions of employment for Plaintiff; (3) set the schedules for Plaintiff; and (4) control the means and methods of how Plaintiff performed his job duties and responsibilities.

16.     Defendants are a single and/or joint employer under the Labor Law in that they shared a common business purposes and ownership, and maintained common control, oversight and direction over the operations of the work performed by Plaintiff.

17.     Each Defendant had substantial control of Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

## FACTUAL ALLEGATIONS

### Background

18.     Upon information and belief, Alphera owns, operates and manages car dealerships, including "New York City Motor Cars of Queens" located at 74-38 Queens Boulevard, Elmhurst, New York 11373 and "Certified Luxury Motors", located at 440 West Merrick Road, Valley Stream, New York 11580.

19.     Plaintiff was employed by Defendants as a porter who washed, cleaned and delivered cars.

20.     Named Plaintiff and, upon information and belief, putative class and collective members regularly worked and continue to work in excess of 40 hours per week.

### Defendants' Unlawful Practices

21.     Defendants regularly required Named Plaintiff and, upon information and belief, putative class and collective members, to work more than 40 hours per week, but failed to pay them the overtime premium for hours worked over 40 per week, in violation of the FLSA and NYLL.

22.     Defendants regularly required Named Plaintiff and, upon information and belief, putative class and collective members, to work "off-the-clock" without pay. For example, Plaintiff was required to work for several hours after the end of his shift, but was not paid for any of this

additional time. Named Plaintiff was also required to work throughout his lunch break on a daily basis.

23.     Defendants failed to provide Named Plaintiff and, upon information and belief, putative class members with complete and accurate weekly wage statements in violation of NYLL § 195(3). From January 2019 through the present, Defendants provided the Named Plaintiff and, upon information and belief, putative class members, with paystubs that do not list the hours they work and contain inaccurate information about their compensation.

24.     Defendants failed to provide Named Plaintiff and, upon information and belief, putative class members, with the Wage Theft Notice required by NYLL § 195(1) at the required intervals in each employee's primary language.

25.     Upon information and belief, Defendants willfully violate the FLSA and the New York Labor Law with the practices described herein.

**Plaintiff's Schedule and Compensation**

26.     Plaintiff commenced his employment with the Defendants in January 2019 and worked at Defendants' car dealership known as "New York City Motor Cars of Queens" located at 74-38 Queens Boulevard, Elmhurst, New York 11373.

27.     In January, 2019, Plaintiff was transferred to Defendants car dealership known as "Certified Luxury Motors", located at 440 West Merrick Road, Valley Stream, New York 11580.

28.     Defendant Val Doe transferred from New York City Motor Cars of Queens to Certified Luxury Motors at the same time as Plaintiff, and continued to act his manager and direct supervisor.

29.     Plaintiff's schedule is estimated based on his best recollection, without the benefit of reviewing the contemporaneous time records Defendants are required to maintain.

30.     Plaintiff's exact start and end times varied from day to day.

31.     Plaintiff typically worked 6 days per week.

32.     Plaintiff typically began work at approximately 10:00 a.m., sometimes earlier, and typically finished around 10:00 p.m.., though he often worked as late as midnight.

33.     For example, on February 12, 2020, Plaintiff worked from 10:00 am to nearly midnight, until he was finally relieved by another co-worker. This particular week, Plaintiff worked approximately 75 hours, but was only paid for 40 hours of work at his normal rate of pay, and was not paid overtime.

34.     Plaintiff was also not paid for some days he worked. Specifically, Plaintiff returned to work after Covid-19 the week of March 21, 2020, but, along with his co-workers, was not paid for working full shifts on March 26 and March 27, 2020.

35.     Plaintiff regularly worked in excess of 40 hours per week, and estimates that on average, he worked approximately 70 hours per week for Defendants. However, he was only paid for 40 hours of work each week and was not paid the overtime premium of time-and-one-half for all hours worked over 40 per week.

36.     For example, on May 3, 2020, Plaintiff was ordered to report to work at 8:00 a.m. and worked his full shift until 10:00 p.m. Despite this hours, Plaintiff did not receive overtime or spread of hours pay.

37.     Defendants regularly refused to allow Plaintiff to take a lunch break.

38.     For example, on May 23, 2020, Plaintiff worked a full 12 hour shift, was required to work throughout the day, and was not allowed to take a break to eat lunch.

39.     Plaintiff was paid at a regular hourly rate of $25 per hour, and was not paid time-and-one-half for all hours worked over 40 per week. Plaintiff was only paid for 40 hours of work per week, even though he worked on average 70 hours per week.

40.     Plaintiff did not receive an extra hour's pay at the New York minimum wage rate when he worked more than ten hours in a single day, which he did on a daily basis.

41.     Plaintiff received inaccurate paystubs that showed that he worked only 40 hours per week, every week, even though he worked on average 70 hours per week.

42.     Plaintiff did not receive the required Wage Theft Notice upon hire, annually, or when his rate of pay changed, in violation of Labor Law § 195(1).

*Putative Class and Collective Members*

43.     Upon information and belief, members of the New York Class and FLSA collective worked similar hours, were paid in a similar manner, and were subjected to the same or similar unlawful pay practices as the Named Plaintiff.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of the FLSA Collective.

45.     The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiff, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

46.     The FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay minimum wage at the prevailing rate or overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

47.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

48.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

49.     Defendants' violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

50.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wages, overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiff and the FLSA Collective and pre- and post-judgment interest.

51.     The exact number of members of the FLSA Collective is unknown to Plaintiff at the present time, but upon information and belief, Defendants are in possession of this information.

52.     Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

53.     Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly situated persons who

were/are employed by Defendants in the State of New York as porters and/or in similar positions at any point between July 2014 and the present.

54.    The basic job duties of the New York Class were/are the same as or substantially similar to those of the Named Plaintiff, and the New York Class were/are paid in substantially the same manner and under the same common policies, plans and practices as the Named Plaintiff.

55.    Upon information and belief, members of the New York Class, like the Named Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, requiring Plaintiffs to work off-the-clock without pay, not providing accurate wage statements, not providing accurate wage notices and not paying spread of hours wages.

56.    During the New York Class Period, Defendants were fully aware of the duties performed by Named Plaintiff and the New York Class, and that those duties were not exempt from the minimum wage, overtime and other applicable provisions of the NYLL and/or its regulations.

57.    As a result of Defendants' conduct alleged herein, Defendants violated the NYLL and/or its regulations.

58.    Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the New York Class.

59.    As a result of Defendants' conduct, Defendants are liable to Plaintiff and the New York Class for the full amount of their unpaid wages and wages deducted, plus an additional

amount as liquidated damages, plus statutory damages, attorneys' fees and costs incurred by Plaintiff and the New York Class, and pre- and post-judgment interest.

60.     Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the New York Class. Named Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the New York Class and Defendants.

61.     Plaintiff's claims raise questions of law and fact common to the New York Class, including, but limited to:

    a.  Whether Defendants failed to pay Plaintiff and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

    b.  Whether Defendants failed to pay Plaintiff and the New York Class spread-of-hours wages;

    c.  Whether Defendants failed to provide Plaintiff and the New York Class with accurate wage statements;

    d.  Whether Defendants failed to provide Plaintiff and the New York Class with accurate wage notices;

    e.  Whether Defendants' failures described above constitute violations of the NYLL and its regulations;

    f.  Whether Defendants' violations of the NYLL and/or its regulations were willful.

62.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

63.     Named Plaintiff is a member of the New York Class that he seeks to represent. Named Plaintiff's claims are typical of the claims of the New York Class. The relief Named Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

64.     Named Plaintiff's interests are co-extensive with those of the New York Class that he seeks to represent in this case. Named Plaintiff is willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action.

65.     Named Plaintiff has retained counsel who is qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Named Plaintiff and his counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

66.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

67.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

68.     The common issues of fact and law affecting Plaintiff's claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

69.     A class action is superior to other available means for the fair and efficient adjudication of Named Plaintiff's claims and the claims of the New York Class.  There will be no difficulty in the management of this action as a class action.

70.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Named Plaintiff and the New York Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

71.     The New York Class is so numerous that joinder of all members is impracticable. While the exact number of members of the New York Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 18 similarly situated persons, the minimum number contemplated by the New York legislature for a class action, who were/are employed by Defendants as porters and/or in other similar positions during the New York Class Period.

72.     Plaintiff is currently unaware of the identities of all New York Class members. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in similar positions during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the New York Class notice

of this action and an opportunity to make an informed decision about whether or not to participate in it.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of 29 U.S.C. § 207)
### *On Behalf of Plaintiff and the FLSA Collective*

73.     Named Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

74.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Named Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

75.     During the FLSA Collective Period, Defendants knew that Named Plaintiff and the FLSA Collective worked more than forty (40) hours per workweek for Defendants.  However, Defendants intentionally did not properly pay them overtime for all hours worked in excess of forty (40) per workweek.

76.     Defendants failed to pay Plaintiff any compensation for approximately of 30 hours of work per week.

77.     As a result of Defendants' failure to pay Named Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

78.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

79.     Defendants' violations of the FLSA have significantly damaged Named Plaintiff and, upon information and belief, the FLSA Collective, and entitles them to recover the total

amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of the New York Labor Law and its Implementing Regulations)**
*As to Named Plaintiff and the New York Class*

80.     Plaintiff repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

81.     NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

82.     Defendants knew that Plaintiff and, upon information and belief, members of the New York Class, worked more than forty (40) hours per workweek for Defendants.  However, Defendants did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

83.     As a result of Defendants' failure to pay Named Plaintiff and, upon information and belief, members of the New York class, overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its implementing regulations.

84.     Upon information and belief, Defendants' failure to pay overtime was either intentional or in reckless disregard of their obligations under the NYLL.

85.     Defendants' failure to pay overtime was a willful violation of the NYLL.

86.     Defendants' violations of the NYLL overtime requirements have significantly damaged Named Plaintiff and, upon information and belief, members of the New York Class, who are entitled to recover the total amount of their unpaid overtime wages, an additional equal

amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest, injunctive relief correcting Defendants' unlawful pay practices, and any other such relief this Court deems appropriate.

## THIRD CAUSE OF ACTION
### (NYLL Failure to Pay Wages)
*As to Named Plaintiff and the New York Class*

87.     Plaintiff repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

88.     Pursuant to Article Six of the Labor Law, workers such as the Named Plaintiff are protected from wage underpayments and improper employment practices.

89.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

90.     As a person employed for hire by Defendants, the Named Plaintiff and New York Class members are "employees," as understood in Labor Law § 190.

91.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

92.     As the entity that hired, directed, and controlled the job performance of the Named Plaintiff and New York Class members, Defendants are "employers."

93.     The Plaintiff's agreed upon wage rate of $25 per hour was within the meaning of Labor Law §§ 190, 191, and 652.

94.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Named Plaintiff and New York Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

95.     From January 2019 to May 2020, Plaintiff worked approximately 70 hours per week, and was only paid for 40 hours of work per week. Plaintiff was never paid for the remaining 30 hours of work that he worked every week during his employment with the Defendants.

96.     Further, Defendants failed to pay Plaintiff and his co-workers any compensation for March 26 and March 27, 2020.

97.     In failing to pay the Plaintiff his regular hourly rate for all hours worked, Defendants violated Labor Law § 191.

98.     By the foregoing reasons, pursuant to Labor Law § 198, Defendants are liable to the Named Plaintiff and members of the New York Class in an amount to be determined at trial, plus interest, liquidated damages, injunctive relief, attorneys' fees and costs, as well as any such other relief as this Court may deem appropriate.

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Spread of Hours Wages under**
**NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 137-1.7)**
***As to Named Plaintiffs and the New York Class***

99.     Plaintiff repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

100.    The NYLL and its regulations require covered employers, such as Defendants, to pay all non-exempt employees one additional hour's pay at the minimum wage for each day the employee's shift(s) cover more than ten (10) hours in a day.

101.    Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them spread of hours wages.

102.    At all relevant times, Defendants failed to pay Plaintiff and the New York Class one additional hour's pay at the minimum wage for each day Plaintiff's and the New York Class's

shift(s) spanned more than ten (10) hours in a day in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. § 137-1.7.

103.    As a result of Defendants' failure to pay spread of hours wages, Defendants violated the NYLL and/or its regulations.

104.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

105.    Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiff and the New York Class and entitle them to recover the total amount of their unpaid spread of hours wages, an additional amount in liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, injunctive relief, and any other such relief as this Court may deem appropriate.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(1)-(2))**
*As to Named Plaintiff and the New York Class*

106.    Plaintiff repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

107.    NYLL § 195(1)-(2) requires covered employers, such as Defendants, to furnish accurate wage notices upon hiring and prior to any changes to the rate of pay for an employee.

108.    Plaintiff and the New York Class were not exempt from this requirement.

109.    Defendants failed to furnish accurate wage notices to Plaintiff and the New York Class in violation of NYLL § 195(1)-(2) by, inter alia, failing to provide Plaintiff and the New York Class notices of their wages and/or changes thereto upon hire and/or upon any changes to their wages.

18

110.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

111.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the New York Class and entitle them to recover damages of fifty (50) dollars per person affected for each work day that such violations occurred and continue to occur, up to a total of $5,000 per person affected, together with attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(3))**
*As to Named Plaintiff and the New York Class*

112.     Named Plaintiff repeats and re-allesge each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

113.     NYLL § 195(3) requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

114.     Named Plaintiff and the New York Class were not exempt from this requirement.

115.     Defendants failed to furnish accurate wage statements to Plaintiff and the New York Class in violation of NYLL § 195(3) by, inter alia, failing to provide Plaintiff and the New York Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

116.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

117.     Defendants' violations of the NYLL have significantly damaged Named Plaintiff and the New York Class and entitle them to recover damages of $250 for each day that such violations occurred or continue to occur, up to a total of $5,000 per person affected, an additional equal amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective and the New York Class, respectfully request that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.     Enjoin Defendants from continuing the unlawful practices identified herein;

C.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in similar positions to Plaintiffs during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.     Designate Named Plaintiff as representative of the FLSA Collective;

E.     Designate this action as a class action pursuant to F.R.C.P. 23;

F.     Designate Plaintiff as representative of the New York Class and designate Plaintiff's Counsel as Class Counsel;

G.     Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

H.     Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor

of Plaintiff and the New York Class, an additional equal amount in liquidated damages, attorneys'

fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum;

I.      Enjoin Defendants from engaging in any acts of illegal retaliation;

J.      Enjoin Defendants from continuing their unlawful practices; and

K.      Grant Plaintiff and the FLSA Collective and New York Class such other and

further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself, the FLSA Collective and the New York Class, hereby

demand a trial by jury on all issues of fact and damages.

Dated: August 31, 2020
       Garden City, New York

Respectfully submitted,

BELL LAW GROUP, PLLC

By: _____/s/_____
       Paul A. Bartels, Esq.
       100 Quentin Roosevelt Boulevard
       Suite 208
       Garden City, NY 11530
       Tel: 516.280.3008
       Fax: 212.656.1845
       lr@belllg.com
       *Attorneys for Plaintiffs*