UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PIERO CASTELLUCCIO,

                         Plaintiff,                  **REPORT AND**
                                                          **RECOMMENDATION**

          -against-                           CV 20-4050 (PKC)(AYS)

ALPHERA INTERNATIONAL N.A., LLC, FAWAD
AWAN, VAL DOE, and any other related persons or
entities,

                        Defendants.
-----------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Pamela K. Chen for Report and

Recommendation, is Plaintiff Piero Castelluccio's ("Plaintiff" or "Castelluccio") motion for

default judgment, pursuant to Federal Rule of Civil Procedure 55.  (Docket Entry ("DE") [13].)

By way of a Complaint filed on August 31, 2020, Plaintiff commenced this action against

Defendants Alphera International N.A., LLC ("Alphera"), Fawad Awan ("Awan"), and Val Doe

(collectively, "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

("FLSA"), and the New York Labor Law ("NYLL"), alleging that Defendants failed to pay him

overtime compensation for all hours worked in excess of forty hours per week and failed to

provide him with accurate and complete wage statements with his weekly paychecks.  (Compl.,

DE [1].)  Defendants did not answer or otherwise respond to the Complaint.

      The Clerk of the Court entered a notation of default against Defendants Alphera and

Awan on November 10, 2020.  (DE [11].)  By letter motion dated January 11, 2021, Plaintiff

moved to voluntarily dismiss Defendant Val Doe from this action, (DE [14]), which the District

Court granted on January 12, 2021.  (Order of Chen, J., dated Jan. 12, 2021.)  Also on January

11, 2021, Plaintiff filed the within motion for default judgment, (DE [13]), which Judge Chen

referred to this Court for a recommendation as to whether it should be granted and the appropriate amount of damages, costs and fees, if any, to be awarded.  (Order of Chen, J., dated Jan. 12, 2021.)  For the following reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that damages be awarded as set forth herein.

BACKGROUND

Plaintiff, a former employee of Defendants, was employed as a porter at Defendants' car dealerships located on Long Island from approximately January 2019 until on or about May 30, 2020.  (Compl. ¶ 9; Castelluccio Aff. ¶ 5.)  Plaintiff's job duties during this time included washing, cleaning, and delivering cars for Defendants.  (Compl. ¶ 19; Castelluccio Aff. ¶ 5.) Defendant Alphera is a domestic corporation that owns, operates, and manages automobile dealerships, with its principal place of business located at 74-38 Queens Boulevard in Elmhurst, New York.  (Compl. ¶¶ 11, 18.)  Defendant Awan is the owner and operator of Alphera.  (Id. ¶ 13.)  Awan is responsible for the daily operations of Alphera, including the payment of wages to Plaintiff.  (Id.; Castelluccio Aff. ¶ 8.)

Throughout his employment with Defendants, Plaintiff typically worked six days per week, for twelve to thirteen hours per day.  (Compl. ¶¶ 31-32; Castelluccio Aff. ¶ 6.)  Plaintiff regularly worked four days per week from 10:00 a.m. to approximately 11:30 p.m. and two days per week from 10:00 a.m. to 10:00 p.m.  (Compl. ¶ 32; Castelluccio Aff. ¶ 6.)  Plaintiff routinely worked approximately seventy-seven hours per week for Defendants.  (Compl. ¶35; Castelluccio Aff. ¶ 6.)  Plaintiff was not permitted to take a lunch break during his shifts.  (Compl. ¶ 37; Castelluccio Aff. ¶ 6.)

Defendants paid Plaintiff a regular hourly rate of $25 per hour, but he was only paid for forty hours of work each week regardless of how many hours he worked.  (Compl. ¶ 39;

Castelluccio Aff. ¶ 7.)  Plaintiff did not receive any compensation for hours worked in excess of forty each week.  (Compl. ¶ 39; Castelluccio Aff. ¶ 7.)  In addition, Defendants provided Plaintiff with inaccurate pay stubs that showed he only worked forty hours per week, even though he worked, on average, seventy-seven hours per week.  (Compl. ¶ 39; Castelluccio Aff. ¶ 7.)  While Plaintiff did receive pay stubs with his paychecks, they did not state all of the hours Plaintiff worked each week or all of the wages he was actually owed.  (Compl. ¶ 39; Castelluccio Aff. ¶ 7.)

Plaintiff commenced the within action on August 31, 2020, alleging violations of the FLSA and the NYLL.  Plaintiff seeks unpaid overtime wages pursuant to both statutes.  Plaintiff also asserts a claim pursuant to Section 195(3) of the NYLL for Defendants' failure to provide him with accurate written wage statements, as required by the statute.  Plaintiff seeks damages in the amount of $231,801.63 (Damages Calculation, annexed to Madzelan Decl. at Ex. A, DE [13-1]), as well as attorney's fees in the amount of $8,900.00 and costs in the amount of $595.00, for a total damages application of $241,296.63.

Defendants Alphera and Awan were served with a copy of the Summons and Complaint on September 14, 2020.  (DE [6], [7].)  Service was not effectuated on Defendant Val Doe and, as stated above, Plaintiff voluntarily dismissed her from this action on January 11, 2021.  (DE [14].)  Neither Alphera nor Awan have appeared in this action to date.

DISCUSSION

I.    Legal Standard

    A.    Standard for Entering a Judgment of Default

Rule 55 of the Federal Rules of Civil Procedure employs a two-step process

3

before entering a judgment of default against a party that fails to respond or defend.  See Fed. R. Civ. P. 55; see also Romero v. Floris Constr., Inc., No. 1:16-CV-4282, 2017 WL 5592681, at *2 (E.D.N.Y. Nov. 20, 2017).  First, the party seeking a judgment of default must ascertain a certificate of default from the Clerk of the Court.  See Fed. R. Civ. P. 55(a).  After the Clerk issues a certificate, the moving party then requests an entry of a judgment of default.  See id. at 55(b); see also Coley v. Vannguard Urban Improvement Ass'n, Inc., No. 12-CV-5565, 2018 WL 1513628, at *2 (E.D.N.Y. Mar. 27, 2018), as amended (Mar. 29, 2018).  All of the well-pleaded factual allegations in the complaint pertaining to liability are deemed to be true.  See Qiu Hua Tan v. Voyage Express Inc., No. 15 CV 6202, 2017 WL 2334969, at *2 (E.D.N.Y. May 25, 2017) (citing Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (E.D.N.Y. 1992)).  However, it is up to the court to determine whether the unchallenged facts constitute a legitimate cause of action.  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).

B.    Standard Required Under the FLSA

In order to establish liability under the FLSA, the plaintiff must prove either individual liability or enterprise liability.  See Leon v. Chen, No. 16-CV-480, 2017 WL 1184149, at *4 (E.D.N.Y. Mar. 29, 2017).  Individual liability applies to any individual "engaged directly in interstate commerce or in the production of goods for interstate commerce."  Coley, 2018 WL 1513628, at *3 (quoting Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 n.8 (1985)).  On the other hand, enterprise liability applies to entities that: "(1) perform related activities "for a common business purpose"; (2) have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (3)

4

have an "annual gross volume of sales made or business done [ ] not less than $500,000."  Coley, 2018 WL 1513628, at *3 (quoting 29 U.S.C. § 203(r)–(s)) (alteration in original).

An employee is "any individual employed by an employer."  29 U.S.C. § 203(e)(1). Here, Plaintiff demonstrates this by alleging in his Complaint that he was employed by Defendants.  See Garcia v. Badyna, No. 13-CV-4021, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014) (stating that since plaintiff alleged in his complaint that he is an employee as defined by the FLSA, for purposes of the default, he qualifies as an employee); see also Compl. ¶¶ 9, 19.

Plaintiff has also shown in the Complaint that Alphera is an enterprise engaged in interstate commerce and has employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce.  See 29 U.S.C. § 203(s)(1)(A)(i)-(ii); see also Compl. ¶¶ 11, 18.  Plaintiff has also alleged in the Complaint that Alphera has an annual gross revenue of at least $500,000.  See Compl. ¶ 12.

Moreover, Awan is an employer under the FLSA.  An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(a).  The Second Circuit has employed a multifactor test in determining whether one qualifies as an employer for purposes of liability.  See Coley, 2018 WL 1513628, at *4.  These factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Id. (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8 (2d Cir. 1984)).  In this case, Awan hired and fired employees, set work schedules, and determined the rate of payment.  See Compl. ¶¶ 13, 15; Castelluccio Aff. ¶ 8.  As a result, Awan is deemed to be an employer under the FSLA.

     C.     <u>Standard Required Under the NYLL</u>

     The NYLL "is the state analogue to the federal FLSA," and, as such, it "echoes the FLSA in compensation provisions regarding overtime and minimum wage requirements." <u>Rodriguez v. Ridge Pizza Inc.</u>, No. CV 16-0254, 2018 WL 1335358, at *7 (E.D.N.Y. Mar. 15, 2018) (quoting <u>D'Arpa v. Runway Towing Corp.</u>, No. 12-CV-1120, 2013 WL 3010810, at *18 (E.D.N.Y. June 18, 2013)).  As a result, once liability is established under the FSLA, courts will routinely impose liability for NYLL violations.  <u>See</u> <u>Guardado v. 13 Wall St., Inc.</u>, No. 15-CV-2482, 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016), <u>adopted by</u>, 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016).  Therefore, since Plaintiff is considered an employee and Defendants are considered employers under the FLSA, they are also deemed to be so under the NYLL.

     Additionally, the NYLL requires that an employer furnish each employee with a notice and acknowledgement of his or her wage rate upon hire, <u>see</u> N.Y. Labor Law § 195(1), as well as an accurate wage statement setting forth the hours worked, rate of pay, and total hours worked each pay period.  <u>See</u> N.Y. Labor Law § 195(3).  Plaintiff proffers that while Defendants provided him with paystubs, they were not accurate.  <u>See</u> Compl. ¶ 42.  For this reason, Plaintiff has alleged a violation of Sections 195(3) of the NYLL.

II.     <u>Damages</u>

     A.     <u>Standard Applicable to a Damages Award Following Default Judgment</u>

     Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default.  <u>See, e.g.</u>, <u>Greyhound Exhibitgroup</u>, 973 F.2d at 158; <u>Olvera v. Los Taquitos Del Tio Inc.</u>, No. 15 Civ. 1262, 2015 WL 3650238, *1 (E.D.N.Y. June 11, 2015); <u>Guaman v. Krill Contracting, Inc.</u>, No. 14-CV-4242, 2015 WL 3620364, at *2 (E.D.N.Y. June 9, 2015).  Instead, a plaintiff seeking

damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty." Olvera, 2015 WL 3620364, at *1.  Reasonable certainty means that "damages may not be merely speculative, possible or imaginary, but . . . directly traceable to the breach, not remote or the result of other intervening causes." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999).  While the party seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Quiros, Inc., No. 13-CV-7017, 2015 WL 1247102, at *5 (E.D.N.Y. Mar. 18, 2015); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 125 (E.D.N.Y. 2011) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)).

The court determining damages has the discretion to hold an evidentiary hearing.  See Fed. R. Civ. P. 55(b)(2); see also Castellanos v. Deli Casagrande Corp., No. CV 11-245, 2013 WL 1207058, at *3 (E.D.N.Y. Mar. 7, 2013), adopted by, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013).  Such a hearing is not required, however, so long as documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty.  See Avelar, 2015 WL 1247102, at *7.  Where there has been a default in a case alleging wage violations, the plaintiff's recollection and estimation of the hours worked are presumed correct and are often sufficient to support a damages award.  See, e.g., Rodriguez, 784 F. Supp. 2d at 126; Yin v. Kim, No. 07-CV-1236, 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008).

B.    Overtime Wages

Under the FLSA, an employee is entitled to recover "the amount of their unpaid minimum wages, [and/] or their unpaid overtime compensation." 29 U.S.C. § 216(b).  Like the

FLSA, the NYLL provides that an employee is entitled to recover unpaid minimum wages and overtime.  See 12 N.Y.C.R.R. §§ 142-2.2-2.4.  Unpaid overtime wages are calculated by multiplying the wage rate by 0.5 to determine the amount owed per hour for every hour over 40 hours worked.  See 29 U.S.C. § 207(a)(1).  That amount is then multiplied by the number of hours of overtime worked per week to yield a sum of weeks of overtime pay owed.  The totals for each week are then aggregated to calculate the total amount of overtime wages owed. See Mendez v. Casa Blanca Flowers, Ltd., No. 12-CV-5786, 2014 WL 4258943, at * 3 (E.D.N.Y. July 8, 2014), adopted by, 2014 WL 4258988 (E.D.N.Y. Aug. 27, 2014).  "Even when wages exceed the minimum prescribed by Congress, [employers] must respect the statutory policy of requiring the employer to pay one and one-half times the regularly hourly rate for all hours actually worked in excess of [forty]."  Avelar, 2015 WL 1247102, at *5 (quoting Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 42 (1944)) (alterations in original).

While both the federal and state statutory schemes place the burden of showing hours worked on the employee, see Avelar, 2015 WL 1247102, at *6, the employer is charged with maintaining accurate records of an employee's hours.  See Guaman, 2015 WL 362036, at *7. When the employer's records are inadequate, an employee may meet his burden of showing hours worked by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007).

    C.    Liquidated Damages

Both federal and New York state law provide for enhanced damages equivalent to 100% of the total amount of the wages found to be due.  As to such enhanced damages, federal law places the burden of establishing that liquidated damages should not be awarded on the

employer.  See Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir.1997).

Under state law, willfulness is established where employers voluntarily underpay employees.

See Moon v. Kwon, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002).  These standards have been

recognized to be essentially the same.  See id.  Where, as here, the employer defaults, an award

of liquidated damages is appropriate.  See Guaman, 2015 WL 3620364, at *10.

        D.      Wage Theft Prevention Act Damages

        Under the NYLL, employers are required to furnish their employees with a notice

and acknowledgement of the employee's wage rate at the time of hire.  See N.Y. Labor Law §

195(1).  Employers are also required to furnish their employees with accurate, specifically

enumerated wage statements each pay period.  See N.Y. Lab. Law § 195(3).   Plaintiff seeks to

recover damages for Defendants' failure to provide accurate wage statements as required by New

York's Wage Theft Prevention Act ("WTPA").  As Plaintiff asserts he was never given a proper

wage statement during the course of his employment, he is entitled to WTPA damages.

        E.      Facts Necessary to Plead a Claim for Wages and Overtime Damages

        In view of the fact that it is Plaintiff's burden to prove entitlement to damages to a

"reasonable certainty," this Court must consider the nature of the proof required to prove such

damages where, as here, a plaintiff seeks overtime damages.  The Second Circuit has spoken

explicitly as to the level of pleading required to state a claim for overtime wages.  See Lundy v.

Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New

York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013); Dejesus v. HF

Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013).

        Similar to the "reasonable certainty" standard required to prove entitlement to default

damages, the Second Circuit has held that a plaintiff seeking to state a claim for overtime wages

must plead facts sufficient to support a "reasonable inference" that he worked more than forty hours in a given week.  See Dejesus, 726 F.3d at 90.  While such hours need not be pled with exact "mathematical precision," a plaintiff seeking overtime wages is required to draw from his "memory and experience" when pleading hours worked.  Id.  Facts thus drawn from memory must provide "sufficient detail about the length and frequency" of hours worked so as to "support a reasonable inference that [plaintiff] worked more than forty hours in a given week." Id.  The pleading of such factual context allows a plaintiff to "nudge [his] claim 'from conceivable to plausible."  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Lundy, 711 F.3d at 114 n.7 (stating that an approximation of overtime hours worked, while "not needed in all cases," may "help draw a plaintiff's claim closer to plausibility").

With these pleading standards in mind, the Court turns to consider the issues referred to this Court for report and recommendation, i.e., whether Plaintiff has sufficiently pled his claims under the FLSA and the NYLL, and, if so, the amount of damages to be awarded.

III.    Calculation of Plaintiff's Wage and Hour Damages

A.    Unpaid Overtime and Liquidated Damages

Plaintiff's overtime claims are supported by the Complaint and declaration allegations referred to above.  Plaintiff's declaration recalls both the dates and hours worked.  It also recalls his hourly wage.  The Court has considered the allegations set forth above and holds that those allegations do, in fact, rise to the level of pleading required by the Second Circuit, and are therefore sufficient for this Court to make a reasonably specific determination as to damages.

As to overtime wages, Plaintiff is entitled to 100% of all overtime wages owed.  Plaintiff states that he regularly worked six days per week, anywhere from twelve to thirteen hours per

day, throughout the course of his employment.  (Compl. ¶¶ 31-32; Castelluccio Aff. ¶ 6.)  These shifts resulted in Plaintiff working approximately seventy-seven hours per week for Defendants, thirty-seven of which should have been compensated at one and one-half times his regular rate of pay.  (Compl. ¶ 39; Castelluccio Aff. ¶¶ 6-7.)  During the course of his employment, Plaintiff was paid $25 per hour for forty hours per week, regardless of the number of hours he worked.  (Am. Compl. ¶ 39; Castelluccio Aff. ¶¶ 6-7.)  Taking into account the statutes of limitation under the FLSA and the NYLL, Plaintiff may recover unpaid overtime compensation for the work he performed for Defendants from January 1, 2019 through May 31, 2020.  Therefore, the overtime pay due to Plaintiff is $102,675.00, as set forth below.[1]

| Time Period | Number of Weeks | Hourly Rate of Pay | Overtime Owed per week | Overtime Wages Due |
|---|---|---|---|---|
| 01/01/2019-12/31/2019 | 52 | $25.00 | $1,387.50 | $ 72,150.00 |
| 01/01/2020-05/30/2020 | 22 | $25.00 | $1,387.50 | $ 30,525.00 |

Plaintiff is also entitled to 100% in liquidated damages on his overtime compensation claim.  As such, Plaintiff is entitled to $102,675.00 in actual damages and a like amount in liquidated damages, for a total of $205,350.00.

B.    WTPA Damages

Since April 9, 2011, the WPTA requires employers to provide employees, with every payment of wages, a statement that lists the dates of work covered by the payment of

---

[1]    The number of weeks that Plaintiff worked set forth in the damages calculations in Plaintiff's Motion for Default Judgment is incorrect.  Plaintiff states that his employment lasted seventy-eight weeks.  (Damages Calculation, DE [13-1].)  The actual number of weeks of Plaintiff's employment is seventy-four.  The Court will recommend that damages be awarded based on the numbers calculated throughout this Report and Recommendation.

wages, the employee's and the employer's names, the address and phone number of the employer, the employee's rate of pay, "whether paid by the hour, shift, day, week, salary, piece, commission, or other," gross wages, deductions, allowances, if any, and net wages.  N.Y. Labor L. § 195(3).  "[T]he statement shall [also] include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."  Id.  Prior to February 27, 2015, "[t]he WPTA entitled employees to recover statutory damages for violations of the wage statement requirement of $100 per work week, not to exceed $2,500."  Id.  After February 27, 2015, the WPTA entitles a plaintiff to recover $250 for each work day that the violation occurred, not to exceed $5,000.  See N.Y. Labor L. § 198(1-d).  Here, Plaintiff states that although Defendants provided him with wage statements or paystubs during his employment, they did not reflect the actual number of hours he worked per week or the actual amount of wages he was paid.  (Compl. ¶ 41; Castelluccio Aff. ¶ 7.)  Accordingly, this Court recommends awarding Plaintiff the statutory maximum of $5,000 for Defendants' violation of Section 195(3) of the NYLL.

In summary, this Court respectfully recommends that Defendants be ordered to pay Plaintiff $102,675.00 for unpaid overtime wages for hours worked in excess of 40 hours per week, $102,675.00 in liquidated damages, and $5,000.00 for Wage Theft Prevention Act violations, for a total monetary award of $210,350.00.

IV.    Pre-Judgment Interest

Plaintiff seeks pre-judgment interest on damages awarded for his NYLL claims. (Madzelan Decl., Ex. A.)  "Prejudgment interest is compensatory in nature and is not available where a plaintiff successfully claims liquidated damages under the FLSA because the plaintiff is considered to have been appropriately compensated through the award of liquidated damages."

Nam v. Ichiba Inc., No. 19-cv-1222, 2021 WL 878743, at *9 (E.D.N.Y. Mar. 9, 2021) (citing

cases).  "The NYLL, however, explicitly provides that a successful plaintiff should receive both

liquidated damages and prejudgment interest."  Id. (citing N.Y. Labor Law § 198(1-a))

(additional citations omitted).  Accordingly, to avoid double recovery, courts calculate pre-

judgment interest only on the compensatory damages awarded under the NYLL, not on the

liquidated damages.  See id. (citation omitted).  Here, Plaintiff may recover pre-judgment interest

on his unpaid overtime wages, which, as discussed above, total $102,675.00.

Pre-judgment interest on NYLL damages is calculated at a rate of nine percent per

annum.  See N.Y. C.P.L.R. § 5004.  In cases in which damages are "incurred at various times,

interest shall be computed upon each item from the date it was incurred or upon all of the

damages from a single reasonable intermediate date."  Id. § 5001(b).  "Courts have discretion in

determining a reasonable date from which to award prejudgment interest, such as 'the earliest

ascertainable date the cause of action existed,' or a reasonable intermediate date if damages were

incurred at various times."  Nam, 2021 WL 878743, at *9 (quoting Santillan v. Henao, 822 F.

Supp. 2d 284, 298 (E.D.N.Y. 2011)).  The intermediate date of Plaintiff's employment, as set

forth in his motion, is January 6, 2020.  (Mazdelan Decl., Ex. A.)

Interest on Plaintiff's NYLL damages award accumulates at a rate of $25.32 per day

(($102,675.00 x 9%)/365 days).  Using January 6, 2020 as the midpoint, there are 520 days from

the midpoint to the date of this Report and Recommendation.  Accordingly, this Court

recommends that Plaintiff be awarded $13,166.40 in pre-judgment interest, with additional

interest to be calculated at a rate of $25.32 per day through the date of judgment herein.

V.     Post-Judgment Interest

While not mentioned in his motion, Plaintiff should also be awarded post-judgment

interest, pursuant to 28 U.S.C. § 1961, which must be applied to "any money judgment in a civil

case recovered in a district court."  28 U.S.C. § 1961; see also Khurana, 2017 WL 1251102, at

*17.  Accordingly, this Court recommends awarding post-judgment interest, to be calculated

based on the weekly average one-year constant maturity Treasury yield for the week preceding

the date on which judgment is entered.  See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated

from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant

maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System,

for the calendar week preceding."); see also Schipani v.McLeod, 541 F.3d 158, 165 (2d Cir.

2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal

statute).

VI.     Attorney's Fees and Costs

Both the FLSA and the NYLL provide for the recovery of reasonable attorney's fees by

successful plaintiffs.  See 29 U.S.C. §216(b); N.Y. Labor L. §§198(1-a), (1-d).  The statutes

similarly allow prevailing plaintiffs to recover costs from defendants.  See 29 U.S.C. §216(b);

N.Y. Labor L. §663(1).  Counsel seeking such awards bear the burden of supporting their claims

of hours expended by submission of accurate, detailed, and contemporaneous time records.  See

N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

When determining an award of attorney's fees, the "starting point" for calculating a

"presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the

reasonable number of hours required by the case."  Millea v. Metro–North R.R. Co., 658 F.3d

154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar –

the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee'.") (quoting <u>Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008)).  The Supreme Court has held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."  <u>Perdue v. Kenny A. ex rel. Winn.</u>, 559 U.S. 542, 551 (2010). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'"  <u>Id.</u> at 553 (citation omitted); <u>see also Arbor Hill Concerned Citizens Neighborhood Assoc.</u>, 522 F.3d at 184, 190–91.

The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits."  <u>Polk v. New York State Dep't of Corr. Servs.</u>, 722 F.2d 23, 25 (2d Cir. 1983).  Additionally, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed."  <u>Hugee v. Kimso Apartments, LLC</u>, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012).  This Circuit requires contemporaneous billing records for each attorney.  <u>See Scott v. City of New York</u>, 643 F.3d 56, 57 (2d Cir. 2011).

Plaintiff seeks $8,900.00 in attorney's fees and $595.00 in costs and has submitted an affirmation from his attorney, dated January 11, 2020, as well as billing records.  (<u>See</u> DE [13-3].)  The affirmation and the billing records submitted provide an itemization of the time and services expended in this case, reflecting time spent, the tasks performed, and the costs incurred.  <u>See id.</u>  The records reflect that Plaintiff's attorneys spent a total of 22.40 hours working on this

case at billing rates of $350.00-$400.00 per hour.  See id.  The Court finds the hourly rate and

the hours expended to be within the reasonable range.  See Douyon v. NY Med. Health Care,

P.C., 49 F. Supp. 3d 328 (E.D.N.Y. 2014) ("To determine reasonable hourly rates, the Court

notes this Circuit's adherence to the forum rule, which states that a district court should generally

use the prevailing hourly rates in the district where it sits.") (collecting cases);  see also

Gagasoules v. MBF Leasing LLC, No. 08-CV-2409, 2013 WL 1760134, at *4 (E.D.N.Y. Apr.

24, 2013) ("In the Eastern District of New York, depending on the nature of the action, extent of

legal services provided and experience of the attorney, hourly rates range from approximately

$300 to $400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200

for junior associates") (collecting cases); Ferrara v. Professional Pavers Corp., No. 11-CV-1433,

2013 WL 1212816 (E.D.N.Y. Mar. 23, 2013) ("Recently, reasonable hourly rates in this district

have ranged from approximately $200 to $400 for senior associates, $100 to $200 for junior

associates, and $70 to $100 for paralegals").  Therefore, this Court finds it reasonable to grant

the requested attorney's fees in the amount of $8,950.00.

Finally, as to costs, Plaintiff seeks a total of $595.00 in litigation expenses.  These

expenses include a $400.00 filing fee and $195.00 for service of process fees.  Like the other

amounts sought, the costs requested are reasonable and supported by the record.  Accordingly,

this Court respectfully recommends that Plaintiff be awarded costs in the amount requested of

$595.00.

## RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that Plaintiff's motion for

default judgment, appearing at Docket Entry [13], be granted and that damages be awarded as

follows: (1) unpaid overtime compensation, pursuant to both the FLSA and the NYLL, in the

amount of $102,675.00; (2) liquidated damages, pursuant to both the FLSA and the NYLL, in the amount of $102,675.00; (3) $5,000.00 in damages for violations of the WPTA; (4) pre-judgment interest through the date of this Report and Recommendation in the amount of $13,166.40, with additional interest to be calculated through the date of judgment herein at a rate of $25.32 per day; and (6) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961.  The Court further recommends that Plaintiff be awarded $8,950.00 in attorney's fees and costs in the amount of $595.00, for a total monetary award of $233,061.40.

<u>OBJECTIONS</u>

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by June 11, 2021.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated:  Central Islip, New York
       June 9, 2021

                                         /s/ Anne Y. Shields
                                         ANNE Y. SHIELDS
                                         United States Magistrate Judge